# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BLAINE MILAM** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:20-cv-04255 |
| | § | |
| **BOBBY LUMPKIN** | § | Capital Case |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| Respondent. | § | |

## MEMORANDUM OF LAW
## IN SUPPORT OF AUTHORITY TO REVIEW

Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2286 (fax)
Jeremy_Schepers@fd.org

Jennae R. Swiergula (TX 24104466)
Texas Defender Service
1023 Springdale Road #14E
Austin, TX 78721
512-320-8300
512-477-2153 (fax)
jswiergula@texasdefender.org

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ............................................................................................ 1

RELEVANT PROCEDURAL HISTORY ........................................................ 4

ARGUMENT ................................................................................................... 10

I.   The Eighth Amendment places a substantive restriction on states'
     power to execute certain classes of individuals. .................................... 11

II.  28 U.S.C. § 2244(b) should not apply to Mr. Milam's intellectual
     disability claim because it would suspend the Eighth Amendment
     prohibition against the execution of persons with intellectual disability
     as to Mr. Milam ....................................................................................... 14

   1.  This Court should find that Mr. Milam's Eighth Amendment claim
       that the State of Texas cannot execute him because he is intellectually
       disabled need not satisfy 28 U.S.C. § 2244(b). .................................... 14

   2.  28 U.S.C. § 2244 is unconstitutional as applied if it permits the State
       of Texas to execute Mr. Milam in violation of the Eighth Amendment.
       17

III. The Court should not apply 28 U.S.C. § 2244(b)(2) to dismiss the
     petition because it is not a "second or successive" petition. .................. 18

   1.  The petition should be treated as a second-in-time initial petition
       because the adjudication of intellectual disability must be informed by
       current clinical standards. .................................................................... 19

   2.  The petition should be treated as an initial second-in-time petition
       because Mr. Milam did not have a full and fair opportunity to raise his
       Eighth Amendment claim in a prior application. ................................. 22

   3.  Comity, finality, and federalism should not operate to preclude
       review. .................................................................................................... 24

IV.  28 U.S.C. § 2244(b) is unconstitutional as applied because it violates
     the Suspension Clause ............................................................................ 24

CONCLUSION ............................................................................................... 27

# TABLE OF AUTHORITIES

## Cases

*Aldens Inc. v. LaFollette*, 552 F.2d 745 (5th Cir. 1977) .......................... 11

*Atkins v. Virginia*, 536 U.S. 304 (2002) ......................................... *passim*

*Coker v. Georgia*, 433 U.S. 584, 600 (1977) ...................................... 11

*Ex parte Blue*, 230 S.W.3d 151 (Tex. Crim. App. 2007) ........................... 7

*Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004) .......................... 2

*Ex parte Brooks*, 219 S.W.3d 396 (Tex. Crim. App. 2007) .................... 3, 7

*Ex parte Gutierrez,* No. WR-70,152-01, 2008 WL 4417161 (Tex. Crim. App. October 1, 2008) ................................................... 21

*Ex parte Gutierrez*, No. WR-70,152-03, 2020 WL 6930823 ................... 21

*Ex parte Henderson*, No. WR-37,658-03, 2006 WL 167836 (Tex. Crim. App. Jan. 25, 2006) ....................................................... 21

*Ex parte Henderson*, No. WR-37,658-03, 2020 WL 1870477 (Tex. Crim. App. Apr. 15, 2020) .................................................... 21

*Ex parte Lizcano*, No. 63,348-03, 2015 WL 2085190 (Tex. Crim. App. Apr. 15, 2015) ........................................................ 21

*Ex parte Lizcano*, No. 68,348-03, 2020 WL 5540861 (Tex. Crim. App. Sept. 16, 2020) ....................................................... 21

*Ex parte Milam*, No. WR-79,322-02, 2019 WL 190209 (Tex. Crim. App. Jan. 14, 2019) ..................................................... 3, 6

*Ex parte Milam*, No. WR-79,322-02, 2020 WL 3635921 (Tex. Crim. App. July 1, 2020) ............................................................. 7

*Ex parte Williams*, No. WR-71,296-03, 2020 WL 7234532 (Tex. Crim. App. Dec. 9, 2020) ................................................ 21

*Felker v. Turpin*, 518 U.S. 651 (1996) ............................................ 26

*Ford v. Wainwright*, 477 U.S. 399 (1986) .......................... 1, 11, 12, 21

*Fuentes v. Shervin*, 407 U.S. 67 (1972) ........................................... 7

*Hall v. Florida*, 572 U.S. 701 (2014) .................................. 13, 19, 21, 27

*Harris v. Nelson,* 394 U.S. 286 (1969) .......................................... 26

*In re Campbell*, 750 F.3d 523 (5th Cir. 2014) ........................ 10, 14, 17

*In re Hill*, 715 F.3d 284 (11th Cir. 2013) ........................................ 16

*In re Johnson*, 935 F.3d 284 (5th Cir. 2019) .................................... 20

*Johnson v. Robison*, 415 U.S. 361 (1974) ....................................... 17

*Lee v. Kelley*, 854 F.3d 544 (8th Cir. 2017) ............................................22

*Magwood v. Patterson*, 561 U.S. 320 (2010) ............................ 15, 22, 23

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).......................... 4, 17

*McQuiggin v. Perkins*, 569 U.S. 383 (2013) ................................ 14, 15, 27

*Milam v. Davis*, 733 F. App'x 781 (5th Cir. 2018) ...................................6

*Milam v. Director*, 2017 WL 3537272 (E.D. Tex. 2017)..........................6

*Milam v. Director*, No. 4:13-cv-00545 (E.D. Tex. 2014) ..........................5

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ..............................................24

*Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) ................. 13, 16, 24, 25

*Moore v. Texas*, 137 S. Ct. 1039 (2017) ......................................... *passim*

*Moore v. Texas*, 139 S. Ct. 666 (2019) ......................................... 1, 21, 23

*Panetti v. Quarterman*, 551 U.S. 930 (2007)........................ 14, 15, 18, 19

*Rivera v. Quarterman*, 505 F.3d 349 (5th Cir. 2007)............................22

*Roper v. Simmons*, 543 U.S. 551 (2005)............................................11, 16

*Slack v. McDaniel*, 529 U.S. 473 (2000)................................................18

*Sunal v. Large*, 332 U.S. 174 (1947) ......................................................25

*Trop v. Dulles*, 356 U.S. 86 (1958) ........................................................11

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ................... 14, 16, 27

*Webster v. Doe*, 486 U.S. 592 (1988)....................................................17

*Williams v. State*, 270 S.W.3d 112 (Tex. Crim. App. 2008)..................21

*Woods v. Quarterman*, 493 F.3d 580 (5th Cir. 2007)..............................5

## Statutes

28 U.S.C. § 1254 ........................................................................................9

28 U.S.C. § 2244 .............................................................................. *passim*

## Constitutional Provisions

U.S. CONST. AMEND. VIII .............................................................. *passim*

U.S. CONST. art. I § 9.............................................................................25

# INTRODUCTION

"[T]he Constitution 'places a substantive restriction on the State's power to take the life' of a[n intellectually disabled] offender." *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (quoting *Ford v. Wainwright*, 477 U.S. 399, 405 (1986)). States simply do not have the power to execute individuals who can establish that they are intellectually disabled. Because Mr. Milam can show that he meets the "three core elements" of an intellectual disability diagnosis, Petition at 7–30, he is within the class of persons whose execution is prohibited by the Eighth Amendment. *Moore v. Texas*, 137 S. Ct. 1039, 1041 (2017); *Moore v. Texas*, 139 S. Ct. 666, 672 (2019). However, Mr. Milam has never received federal court review of his claim or an opportunity to substantiate his allegations, despite compelling evidence that he is intellectually disabled.

In *Moore v. Texas*, the Supreme Court struck down Texas's standard for evaluating intellectual disability because it "creat[ed] an unacceptable risk that persons with intellectual disability will be executed." 137 S. Ct. at 1051 (internal quotation and citation omitted). By requiring that a determination of intellectual disability be based on current diagnostic criteria, *Moore* changed the class of persons in Texas

who fall within the Eighth Amendment's prohibition against executing persons with an intellectual disability. *Id.* at 1053. Texas no longer can apply the idiosyncratic and unscientific standards it developed in the wake of *Atkins. Moore*, 137 S. Ct. at 1044; *see Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004). Mr. Milam, who was adjudicated not to be intellectually disabled under Texas's since-rejected standard, has significant support for his allegation that under the current constitutional standard articulated in *Moore*, he now falls within the class of persons whose execution is forbidden by the Eighth Amendment. Petition at 7–30.

Mr. Milam sought to raise his intellectual disability claim for the first time in federal court by seeking authorization from the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), in accordance with the procedure set out in 28 U.S.C. § 2244(b). Motion for Order Authorizing the District Court to Consider Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 ("MFA"). Mr. Milam argued that *Moore* rendered an intellectual disability claim newly available to him. MFA at 12–13. The Fifth Circuit acknowledged that Mr. Milam had produced evidence in support of all three prongs of

an intellectual disability diagnosis. *In re Milam*, Case No. 20-40663, Order (5th Cir. Oct. 27, 2020) ("Order") at 6. Nevertheless, on October 30, 2020, the Fifth Circuit denied Mr. Milam authorization, finding that he could not establish the prior unavailability of an intellectual disability claim and that therefore, § 2244(b) bars federal review of that claim. Order at 5–6. Consequently, no state or federal court has ever adjudicated the merits of Mr. Milam's allegations of intellectual disability under the standard announced in *Moore*.[1]

The Fifth Circuit's ruling that § 2244(b) bars federal court review of this claim threatens to empower the State to violate the Constitution by disabling the Eighth Amendment's prohibition on the execution of persons with intellectual disability. Yet, it is well settled that the Constitution is the "the *supreme* law of the land[.]" *Marbury v. Madison*,

---

[1] The Texas Court of Criminal Appeals ("CCA") found that Mr. Milam alleged a prima facie case of intellectual disability when it authorized his subsequent state habeas application filed after *Moore*. *Ex parte Milam*, No. WR-79,322-02, 2019 WL 190209, at *1 (Tex. Crim. App. Jan. 14, 2019); *Ex parte Brooks*, 219 S.W.3d 396, 400 (Tex. Crim. App. 2007) ("While Article 11.071, section 5(a)(1) does not state that the application must include facts establishing that the applicant has a prima facie *Atkins* claim, it would be absurd to consider applications in which the applicant does not show that the previously unavailable legal basis applies to his claim."). However, as explained, *infra*, the CCA never reached the question of whether Mr. Milam is intellectually disabled under *Moore* when it disposed of his application, instead deferring to the jury's pre-*Moore* adjudication.

5 U.S. (1 Cranch) 137, 180 (1803) (emphasis in original). The constitutional right at stake here creates an absolute limitation on the state's power. *See Atkins*, 536 U.S. at 321. This constitutional prohibition against allowing the State to execute an intellectually disabled person accordingly must trump any procedural obstacles that prevent Mr. Milam from presenting and proving his Eighth Amendment claim. Therefore, this Court should find that it has authority to review Mr. Milam's petition.

## RELEVANT PROCEDURAL HISTORY

Mr. Milam alleged intellectual disability at his trial. The State urged the jury to rely on various lay stereotypes of intellectual disability relevant under Texas's then-standard for adjudicating intellectual disability in a capital case to reject Mr. Milam's allegations.[2] The jury

---

[2] As summarized by the Director in her Response:

> Prosecutor Lisa Tanner closed by arguing Milam was unequivocally not intellectually deficient based upon the four IQ scores- two of which indicated he was in the borderline range and two which clearly showed he was not in that range. [. . .] Regarding adaptive functioning, Tanner referred to the testimony from school teachers, friends, coworkers, and family [. . .] She reminded the jury that Milam passed a driving test, was able to find and keep employment, wrote letters from jail, read books, used computers and the internet, memorized his driver's license number and social security number, fixed cars and other machinery, did school work, played games, cared for Amora, and could carry on a conversation. 56 RR 134–36. He was also able to procure drugs by buying or trading for them and his drug transactions from the police, family, and friends.

answered the special issue on intellectual disability in the negative. 4 CR 987. Mr. Milam did not thereafter challenge the jury's determination on intellectual disability under Texas's now-overruled *Briseno* framework on direct appeal or during his initial round of state and federal post-conviction proceedings.

Mr. Milam filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Texas on October 14, 2014. ECF No. 14, *Milam v. Director*, No. 4:13-cv-00545 (E.D. Tex. 2014). At that time, federal courts applied Texas's substantive standard for adjudicating intellectual disability claims. *Woods v. Quarterman*, 493 F.3d 580, 587 n.6 (5th Cir. 2007) ("We find nothing in *Briseno* that is inconsistent with *Atkins*[.]"). The petition did not allege that the Eighth Amendment prohibited the State from executing Mr. Milam because he is intellectually disabled. The briefing in Mr. Milam's federal habeas

---

56 RR 135. Tanner noted that many of Milam's deficits could be attributed to other factors like lack of education, laziness, and drug abuse. 56 RR 137–38. Finally, Tanner cited to the lack of documentation as proof that Milam had no deficits prior to the age of eighteen. 56 RR 138.

ECF No. 22 at 105–06.

proceedings was completed in March 2015. ECF No. 22. The district court denied Mr. Milam's federal habeas petition on August 16, 2017, *Milam v. Director*, 2017 WL 3537272 (E.D. Tex. 2017), and the Fifth Circuit shortly thereafter denied Mr. Milam's Application for a Certificate of Appealability. *Milam v. Davis*, 733 F. App'x 781 (5th Cir. 2018). Within months of the Fifth Circuit's order and with Mr. Milam's petition for writ of *certiorari* pending in the Supreme Court, the 4th Judicial District Court of Rusk County set an execution date of January 15, 2019.

In light of the Supreme Court's decision in *Moore*, Mr. Milam filed a subsequent state habeas application alleging, *inter alia*, that he is intellectually disabled according to the medical community's diagnostic criteria and that his execution would therefore violate the Eighth Amendment. The CCA initially determined that Mr. Milam's claim should receive adjudication on the merits. It stayed Mr. Milam's execution and remanded his intellectual disability claim to the trial court "[b]ecause of [. . .] recent changes in the law pertaining to the issue of intellectual disability." *Ex parte Milam*, No. WR-79,322-02, 2019 WL 190209 (Tex. Crim. App. Jan. 14, 2019). In remanding Mr. Milam's claim to the trial court, the CCA necessarily determined that Mr. Milam has

made a prima facie showing that he is intellectually disabled. *See Ex parte Brooks*, 219 S.W.3d 396, 400 (Tex. Crim. App. 2007) (Texas Code of Criminal Procedure art. 11.071 § 5(a)(1) requires that an applicant must make a prima facie showing that a new legal basis applies to his claim). However, Mr. Milam never received that merits adjudication. Despite its prior authorization, the CCA declined to adjudicate the allegations anew. Instead, it adopted the trial court's finding that Mr. Milam's trial adjudication did not run afoul of the substantive Eighth Amendment rules announced in *Moore*, notwithstanding the State's urging the jury to reject Mr. Milam's evidence based upon stereotypes. *Ex parte Milam*, No. WR-79,322-02, 2020 WL 3635921, at *1 (Tex. Crim. App. July 1, 2020).[3]

---

[3] Moreover, while the findings adopted by the CCA, which were authored by the State also concluded that Mr. Milam "is not 'so impaired as to fall within the range of [intellectually disabled] offenders about whom there is a national consensus' against execution[,]" the findings are inconsistent and unclear about the grounds on which Mr. Milam's claim was rejected. *State's Proposed Findings of Fact, Conclusions of Law, and Order, Ex parte Milam*, CR 09-066, at ¶ 238 (396th Dist. Ct. Oct. 16, 2019). Because the findings dispose of Mr. Milam's intellectual disability claim under Section 5(a)(3) without it ever having been authorized under that mechanism, Mr. Milam reads the findings to ultimately conclude his intellectual disability claim was disposed of on procedural grounds. *See Ex parte Blue*, 230 S.W.3d 151, 163 (Tex. Crim. App. 2007) ("The statutory scheme as a whole does not call upon us to make a determination of the merits of a subsequent writ application at [the pleading stage].") Denial Mr. Milam's intellectual disability claim on the merits without him ever having been afforded the opportunity to present evidence and prove his claim would create significant due process concerns. *Fuentes v. Shervin*, 407 U.S. 67, 80 (1972).

On July 31, 2020, the 4th District Court of Rusk County set a new execution date for Mr. Milam on January 21, 2021. On September 30, 2020, Mr. Milam filed in the Fifth Circuit a Motion for Order Authorizing the District Court to Consider Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244. Mr. Milam moved the Fifth Circuit to authorize this Court to consider an application raising the claim that the Eighth Amendment prohibits the State of Texas from executing him because he is intellectually disabled. MFA at 40–65. Mr. Milam sought authorization pursuant to 28 U.S.C. § 2244(b)(2)(A) on the ground that *Moore* announced a new, retroactive rule of constitutional law that was previously unavailable to him. *Id.* at 18. Mr. Milam argued that *Moore* expanded the class of persons who cannot be executed because they are intellectually disabled and that, after *Moore*, Mr. Milam falls within that class. MFA at 11–12. In the alternative, Mr. Milam argued that an intellectual disability claim under *Atkins* was not available to him until *Moore* because, prior to *Moore*, an *Atkins* claim would have required Mr. Milam to satisfy Texas's then-applicable intellectual disability standard and would, as demonstrated by the jury's answer at trial, have been without merit. *Id.* at 32.

In the Fifth Circuit, it was not disputed that Mr. Milam had never previously raised an intellectual disability claim in a prior federal habeas petition. Order at 3. The State also agreed that *Moore* announced a new rule of constitutional law. Opposition to Motion for Order Authorizing the District Court to Consider Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 at 27–28. The Fifth Circuit acknowledged that the question of *Moore*'s retroactivity remains open and it neither "rejected or supported the contention that *Moore* is a new retroactive rule of constitutional law in the context of successive habeas petitions under 28 U.S.C. § 2244." Order at 4.[4] Similarly, the court did "not foreclose the possibility that the barring of the *Briseno* factors might authorize a successive habeas petition" raising an intellectual disability claim under *Atkins*. *Id.* at 6. The court nevertheless denied Mr. Milam authorization on the "prior unavailability" showing required under

---

[4] Concurrently with the MFA, Mr. Milam filed in the Court of Appeals for the Fifth Circuit a Motion for Certification of Question of Law to the Supreme Court ("Certification Motion"). Pursuant to 28 U.S.C. § 1254(2) and Rule 19 of the Supreme Court of the United States, Mr. Milam asked the Court of Appeals to certify a question of law, stated as: "Does the new rule of constitutional law announced by the Supreme Court of the United States in *Moore v. Texas*, 137 S. Ct. 1039 (2017), apply retroactively to cases on collateral review?" The Court of Appeals denied Mr. Milam's Certification Motion as moot in the same order denying authorization. Order at 7.

§ 2244(b)(2)(A).[5] Order at 7. The court found that Mr. Milam failed to demonstrate the prior unavailability of an intellectual disability based on *Moore* because "*Moore* was decided four and a half months before Milam's [initial] federal habeas petition was denied." *Id.* at 5.

## ARGUMENT

Here, 28 U.S.C. § 2244(b) operates to prevent a federal court from enforcing the Eighth Amendment prohibition on the execution of persons with intellectual disability, as Mr. Milam can make a prima facie showing of intellectual disability under the rules announced by *Moore*. As applied to Mr. Milam's case, § 2244(b) enables the State of Texas to inflict a punishment the Eighth Amendment categorically prohibits and cannot be applied to bar his Eighth Amendment claim without violating the Constitution.

---

[5] Under 28 U.S.C. § 2244(b)(2)(A), a petitioner must make a prima facie showing that (1) the claim was not raised in a prior federal habeas application; (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; and (3) "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014) (quoting *In re Hearn*, 418 F.3d 444, 445 (5th Cir. 2005)).

## I. The Eighth Amendment places a substantive restriction on states' power to execute certain classes of individuals.

"State power can only be exercised against a person within the confines of due process of law drawn by its procedural and substantive aspects." *Aldens Inc. v. LaFollette*, 552 F.2d 745, 750 (5th Cir. 1977). The Eighth Amendment draws one such limit by prohibiting the imposition of "cruel and unusual punishment." U.S. CONST. AMEND. VIII. "[T]he Eighth Amendment has been recognized to affect significantly both the procedural and the substantive aspects of the death penalty." *Ford v. Wainwright*, 477 U.S. 399, 405 (1986). The scope of that prohibition in turn draws its meaning "from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958).

Consequently, in the context of capital punishment, the Eighth Amendment prohibits, *inter alia*, executing a person convicted of the rape of an adult woman,[6] a person with intellectual disability,[7] or a person who is a minor at the time of the offense.[8] The Eighth Amendment also

---

[6] *Coker v. Georgia*, 433 U.S. 584, 600 (1977).

[7] *Atkins*, 536 U.S. at 304.

[8] *Roper v. Simmons*, 543 U.S. 551, 578 (2005).

forbids the execution of a person whose mental illness prohibits them from having a rational understanding of the sentence at the time of the scheduled execution.[9] The Eighth Amendment thus "places a substantive restriction on the State's power to take the life" of a person within one of these classes. *Ford*, 477 U.S. at 405.

Like these other categorical bars, intellectual disability is distinct from sentencing factors because it is determinative of a person's death eligibility. *Ford*, 477 U.S. at 412 (whether a person who alleges mental illness may be constitutionally executed "will turn on the finding of a single fact, not a range of equitable considerations"); *Hall v. Quarterman*, 534 F.3d 365, 388 (5th Cir. 2008) (Higginbotham, J., concurring in relevant part) ("When *Atkins* prohibited the execution of [intellectually disabled] defendants . . . [i]t established a core and freestanding constitutional principle, that determined whether a defendant would face life or death.").

This distinction is further reflected in the outcome of an appellate or post-conviction determination that a person is intellectually disabled. A finding that a death-sentenced person is intellectually disabled

---

[9] *Ford v. Wainwright*, 477 U.S. 399, 417 (1986).

prohibits reimposition of a death sentence. By contrast, other constitutional error identified by a reviewing court—for example, failure to consider mitigating factors—may require that a death sentence be vacated, but in the vast majority of instances, a person is eligible to be resentenced to death after a retrial. Further reflecting that intellectual disability goes to the very determination whether a state has the power to carry out a death sentence, the Supreme Court has struck down rules that create "the unacceptable *risk* that persons with intellectual disability will be executed." *Hall v. Florida*, 572 U.S. 701, 704 (2014) (emphasis added) (holding that foreclosing further exploration of allegations of intellectual disability based on a strict cut-off IQ score is unconstitutional); *Moore*, 137 S. Ct. at 1044 (holding that reliance on *Briseno* framework and departure from intellectual disability criteria reflected in medical community's consensus is unconstitutional).

A sentence of death for a person with intellectual disability "is not just erroneous but contrary to law and, as a result, void." *Montgomery v. Louisiana*, 136 S. Ct. 718, 731 (2016) (citing *Ex parte Siebold*, 100 U.S. 371, 376 (1879)). In other words, an intellectually disabled person "may

not constitutionally be executed," under any circumstances. *In re Campbell*, 750 F.3d 523, 535 (5th Cir. 2014).

## II. 28 U.S.C. § 2244(b) should not apply to Mr. Milam's intellectual disability claim because it would suspend the Eighth Amendment prohibition against the execution of persons with intellectual disability as to Mr. Milam.

"[A] core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence." *Webster v. Daniels*, 784 F.3d 1123, 1139 (7th Cir. 2015) (en banc). Here, no federal court has adjudicated Mr. Milam's intellectually disability claim. Order at 3. Because § 2244(b) currently operates to bar federal court adjudication of this claim, the Eighth Amendment prohibition on the execution of persons with intellectual disability cannot be given effect as to Mr. Milam. This Court should therefore not apply § 2244(b).

### 1. This Court should find that Mr. Milam's Eighth Amendment claim that the State of Texas cannot execute him because he is intellectually disabled need not satisfy 28 U.S.C. § 2244(b).

AEDPA has never required that federal courts "bear[] blinders" in applying  the terms of the statute. *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013) (plurality opinion). "[AEDPA's] purposes, and the practical effects of [courts'] holdings, should be considered when interpreting AEDPA." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Departure

14

from AEDPA's strictures has therefore been permitted even in circumstances that do not implicate the Eighth Amendment's substantive limit on states' power to execute certain classes of offenders. *McQuiggin*, 569 U.S. at 392 (finding that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief").

The Supreme Court has recognized that there are "exceptions" to the second or successive bar under § 2244(b). *Panetti*, 551 U.S. at 947; *Magwood v. Patterson*, 561 U.S. 320, 335 n.11 (2010) (noting that "[t]hree times" already the Supreme Court has found that 28 U.S.C. § 2244(b) does not apply to a second-in-time federal habeas petition). One such exception must be made where § 2244(b) would otherwise bar the adjudication of a petitioner's prima facie claim that they fell within a class of persons whose execution is prohibited by the Eighth Amendment.

Absent such an exception, § 2244(b) would, for example, bar the adjudication of a claim that a person who was 17 years old or younger at the time of the offense could not be executed, where that claim was raised in a second-in-time petition and the initial petition *post*-dated the

Supreme Court's decision in *Roper v. Simmons. See Webster*, 784 F.3d at 1141. The constitution would surely forbid such a result. While § 2244(b)(2)(B) demonstrates a concern that those innocent of the underlying offense should be protected by federal courts' habeas jurisdiction even as second-time petitioners, "the fact that the Supreme Court had not yet decided *Atkins* and *Roper* at the time AEDPA was passed supports the conclusion that the narrow set of cases presenting issues of constitutional eligibility for execution is another lacuna in the statute." *Webster*, 784 F.3d at 1138.

Because Mr. Milam can make a prima facie showing that he is intellectually disabled, this Court should not apply § 2244(b) in a way that prevents an initial adjudication of this claim in federal court. Any other outcome would require a federal court to accept "[t]he idea that courts are not permitted to acknowledge that a mistake has been made which would bar an execution[.]" *In re Hill*, 715 F.3d 284, 302 (11th Cir. 2013) (Barkett, J., dissenting). Such an idea is, however, irreconcilable with the "general principle [] that a court has no authority to leave in place a conviction of sentence that violates a substantive rule[.]" *Montgomery*, 136 S. Ct. at 731.

## 2. 28 U.S.C. § 2244 is unconstitutional as applied if it permits the State of Texas to execute Mr. Milam in violation of the Eighth Amendment.

The Constitution is "the *supreme* law of the land," and is superior to any law passed by Congress. *Marbury*, 5 U.S. (1 Cranch) at 180 (emphasis in original). Therefore, a statue—in this instance, § 2244(b)—which would enable the state to act in contravention of the Constitution must yield to the Constitution.[10] Failure to follow this principle would "subvert the very foundation" on which our country is based. *Marbury*, 5 U.S. (1 Cranch) at 138.

There is no dispute that "the Constitution places a substantive restriction on the State's power to take the life of a[n] intellectually disabled] offender." *Atkins*, 536 U.S. at 321 (internal quotations and citation omitted). In other words, states do not have the power to execute an intellectually disabled person. *See In re Campbell*, 750 F.3d at 535

---

[10] This fundamental principle is further reflected in the rules of statutory construction, dictating that statutes must be read so as to comport with the Constitution. *Johnson v. Robison*, 415 U.S. 361, 365–66 (1974). In *Johnson*, the Supreme Court found that a procedural rule restricting access to judicial review could not be read to bar petitioner's First Amendment claim. *Id.* at 373–74. Similarly, in *Webster v. Doe*, the Supreme Court found that a procedural rule barring judicial review could not be read to exclude review of a constitutional claim. 486 U.S. 592, 603 (1988) (congressional intent to bar judicial review must be clear "to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim").

(intellectually disabled person "may not constitutionally be executed"). As applied to Mr. Milam's claim that the Eighth Amendment prohibits his execution because he is intellectually disabled, 28 U.S.C. § 2244(b) disables the Eighth Amendment as to Mr. Milam by precluding review of his allegations. In effect, § 2244(b) as applied is allowing the State of Texas the power to do that which the Eighth Amendment forbids— execute Mr. Milam, a person with an intellectual disability. Therefore, it is unconstitutional as applied to Mr. Milam.

### III. The Court should not apply 28 U.S.C. § 2244(b)(2) to dismiss the petition because it is not a "second or successive" petition.

"The phrase 'second or successive' is a term of art given substance in [the Supreme Court's] prior habeas corpus cases." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A petition under 28 U.S.C. § 2254 is not "second or successive" merely because it is second-in-time to an initial federal habeas petition. *Panetti*, 551 U.S. at 944 ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively, even when the later filings address a state court judgment already challenged in a prior § 2254 application.").

1. **The petition should be treated as a second-in-time initial petition because the adjudication of intellectual disability must be informed by current clinical standards.**

The Supreme Court has recognized that a second-in-time petition "brought in an application when that claim is first ripe" constitutes an initial petition and is not subject to § 2244(b). *Panetti*, 551 U.S. at 945. Because Mr. Milam can make a prima facie case of intellectual disability and the Eighth Amendment therefore prohibits his execution under current standards, his petition should be treated as an initial petition now that the State of Texas has set an execution date.

The Eighth Amendment prohibits not only the imposition of a death sentence on persons with an intellectual disability but also explicitly prohibits their *execution*. *See Atkins*, 536 U.S. at 321 ("[T]he Constitution places a substantive restriction on the State's power to take the life of a[n intellectually disabled] offender.") (quoting *Ford*, 477 U.S. at 405); *Hall*, 572 U.S. at 708 ("[P]ersons with intellectual disability may not be executed."); *Moore*, 137 S. Ct at 1051 ("States may not execute anyone in the *entire* category of [intellectually disabled offenders[.]") (internal quotation and citation omitted; emphasis in original). Further underscoring the relevance of adjudicating an intellectual disability

claim prior to execution, the Supreme Court has remarked upon "an improved understanding over time" of intellectual disability. *Id.* at 1039. The Court has accordingly underscored the critical importance that States' standards for evaluating allegations of intellectual disability be informed by "[t]he medical community's *current* medical standards[.]" *Id.* (emphasis added).

An intellectual disability may be rendered viable for the first time by changes in in diagnostic criteria or governing legal standards. The Fifth Circuit has "precedentially determined that it is correct to equate legal availability with changes in the standards for psychiatric evaluation of the key intellectual disability factual issues raised by *Atkins.*" *In re Johnson*, 935 F.3d 284, 294 (5th Cir. 2019). The evolution in courts' understanding and adjudication of intellectual disability, as illustrated by the Supreme Court's injunction that Texas courts abandon the *Briseno* framework, has correspondingly changed who falls within the class of persons whose execution is prohibited by the Eighth Amendment: since *Moore*, several defendants who were found not to be intellectually disabled under Texas's standard created in response

to *Atkins* have now been found intellectually disabled under *Moore*.[11] And that change in standards for assessing intellectual disability can make such a claim available anew, as *Moore* did for Mr. Milam. Yet, the requirements of § 2244(b)(2) operated to preclude federal review of Mr. Milam's intellectual disability claim.

Whether grounded in competency or intellectual disability, the Eighth Amendment prohibition is in part informed by the fact that as to these classes of persons, execution serves no penological purpose. *Ford*, 477 U.S.at 407 (execution of a person who is incompetent at the time of execution "contributes nothing to whatever deterrence value is intended to be served by capital punishment"); *Hall*, 572 U.S. at 708 ("No

---

[11] *Moore*, 139 S. Ct. at 672 (finding Moore intellectually disabled); *Ex parte Henderson*, No. WR-37,658-03, 2020 WL 1870477 (Tex. Crim. App. Apr. 15, 2020) (per curiam) (granting relief on a claim of intellectual disability upon reconsideration of the case in the light of *Moore v. Texas*); *cf. Ex parte Henderson*, No. WR-37,658-03, 2006 WL 167836 (Tex. Crim. App. Jan. 25, 2006) (per curiam) (adopting trial court's recommendation to deny intellectual disability claim); *Ex parte Lizcano*, No. 68,348-03, 2020 WL 5540861 (Tex. Crim. App. Sept. 16, 2020) (per curiam) (granting relief on a claim of intellectual disability upon remand of the case in the light of *Moore v. Texas*); *cf. Ex parte Lizcano*, No. 63,348-03, 2015 WL 2085190 (Tex. Crim. App. Apr. 15, 2015) (per curiam) (adopting trial court's recommendation to deny intellectual disability claim); *Ex parte Gutierrez*, No. WR-70,152-03, 2020 WL 6930823 (granting relief on a claim of intellectual disability upon remand of the case in the light of *Moore v. Texas*); *cf. Ex parte Gutierrez,* No. WR-70,152-01, 2008 WL 4417161 (Tex. Crim. App. October 1, 2008); *Ex parte Williams*, No. WR-71,296-03, 2020 WL 7234532 (Tex. Crim. App. Dec. 9, 2020) (granting relief on a claim of intellectual disability upon remand of the case in the light of *Moore v. Texas*); *cf. Williams v. State*, 270 S.W.3d 112 (Tex. Crim. App. 2008) (finding that evidence was sufficient to support jury's negative answer to the intellectual disability issue in the punishment charge at trial).

legitimate penological purpose is served by executing a person with intellectual disability."). In short, "the distinction regarding stability over time cannot overshadow what incompetency and intellectual disability have in common: If a person suffers from either, he cannot be executed." *Lee v. Kelley*, 854 F.3d 544, 549 (8th Cir. 2017) (Kelly, J., concurring); *Rivera v. Quarterman*, 505 F.3d 349, 358 (5th Cir. 2007) (highlighting "the similarity of the competency and [intellectual disability' issues: both decisions affirmatively limit the class of persons who are death penalty eligible.").

### 2. The petition should be treated as an initial second-in-time petition because Mr. Milam did not have a full and fair opportunity to raise his Eighth Amendment claim in a prior application.

"[I]f the petitioner had no fair opportunity to raise the claim in the prior application, a subsequent application raising that claim is not 'second or successive,' and § 2244(b)(2)'s bar does not apply." *Magwood*, 561 U.S. at 346 (Kennedy, J., dissenting). In *Magwood*, three concurring Justices agreed with the four dissenting Justices that "if [petitioner] were challenging an undisturbed state court judgment for the second time, abuse-of-the-writ principles would apply, including *Panetti*'s holding that an 'application' containing a 'claim' that 'the petitioner had no fair

opportunity to raise' in his first federal habeas petition is not a 'second or successive' application." *Id.* at 343 (Breyer, J., concurring, joined by Justice Stevens and Justice Sotomayor) (citing *id.* at 345 (Kennedy, J., dissenting).

Mr. Milam did not have a full and fair opportunity to raise his Eighth Amendment claim because, at the time of his initial federal habeas petition, that claim would have been governed by Texas's stereotype-laden standard on intellectual disability, which Mr. Milam could not meet. MFA at 11–12. The Fifth Circuit observed that Mr. Milam was unable to prove that he is intellectually disabled at trial, despite showing evidence that "[t]wo of his IQ scores were within the range of an intellectual disability finding (68 and 71 IQ scores on WAIS-IV) . . . evidence at trial of adaptive deficits and the onset of these deficits while still a minor[.] Order at 6. Following *Moore*, that evidence is sufficient to support a finding that Mr. Milam meets the "three core elements" of an intellectual disability diagnosis according to the criteria reflected in the medical community's consensus. *Moore*, 137 S. Ct. at 1041 (2017); *Moore*, 139 S. Ct. at 672.

### 3. Comity, finality, and federalism should not operate to preclude review.

AEDPA was designed to "further the principles of comity, finality, and federalism." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (internal quotation omitted). Here, Mr. Milam seeks a first opportunity for a federal court to adjudicate the merits of whether he is intellectually disabled in light of *Moore*. As articulated above, this claim strikes at the heart of the state's power to punish. *See Montgomery*, 136 S. Ct. at 731 ("[A] court has no authority to leave in place a conviction or sentence that violates a substantive rule[.]"). Should Mr. Milam prove his claim, the State will be categorically prohibited from executing him. *See Atkins*, 536 U.S. at 321 ("[T]he Constitution 'places a substantive restriction on the State's power to take the life' of a[n intellectually disabled] offender.") (quoting *Ford*, 477 U.S. at 405). Thus, the principles of comity, finality, and federalism lose force when they operate to preclude adjudication of a categorical claim and should not obstruct this Court's ability to hear Mr. Milam's intellectual disability claim.

### IV. 28 U.S.C. § 2244(b) is unconstitutional as applied because it violates the Suspension Clause.

The application of § 2244(b) to foreclose federal review of Mr. Milam's claim that his execution is prohibited by the Eighth Amendment

because he is intellectually disabled would constitute an unconstitutional suspension of the writ. The Suspension Clause provides that: The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it. U.S. CONST. art. I § 9, clause 2. "The writ should be available whenever there clearly has been a fundamental miscarriage of justice for which no other adequate remedy is presently available." *Sunal v. Large*, 332 U.S. 174, 189 (1947).

If Mr. Milam is intellectually disabled, his sentence of death is void and his execution violates the Eighth Amendment prohibition on the execution of persons with intellectual disability. *Montgomery*, 136 S. Ct. at 731 ("A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void."). As applied to Mr. Milam's Eighth Amendment claim, § 2244(b) functions to place his claim that his sentence is void and his execution would therefore violate the Eighth Amendment beyond the reach of federal courts' habeas jurisdiction. While the Supreme Court has cursorily rejected the argument that 28 U.S.C. § 2244(b) constitutes an unconstitutional suspension of the writ in general, that determination was made in the a

case that did not implicate the interplay between § 2244(b) and a claim raising an Eighth Amendment categorical bar to execution, as Mr. Milam's does. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The *Felker* Court did, however, note that "the Suspension Clause of the Constitution refers to the writ as it exists today, rather than as it existed in 1789." *Id.* The Eighth Amendment has similarly evolved to reflect that the execution of certain classes of persons violates the prohibition on cruel and unusual punishment. It would be anomalous to find that the writ did not similarly evolve to ensure that the Eighth Amendment could be given effect in habeas corpus as to those classes of persons. *Harris v. Nelson,* 394 U.S. 286, 291 (1969) ("The scope and flexibility of the writ [of habeas corpus]—its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.").

# CONCLUSION

Should this Court determine that it lacks authority to review Mr. Milam's claim that the Eighth Amendment forbids the State of Texas from executing him because he is intellectually disabled, "*Atkins* could become a nullity, and the Eighth Amendment's protection of human dignity would not become a reality." *Hall*, 572 U.S. at 720–21. Just as "[s]ensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA[,]" *McQuiggin*, 569 U.S. at 393, AEDPA cannot require that federal courts tolerate "the unacceptable risk that persons with intellectual disability will be executed." *Hall*, 572 U.S. at 704. If this Court declines to find that § 2244(b) must yield to the Eighth Amendment, this will lead "to the intolerable result of condoning an execution that violates the Eighth Amendment." *Webster*, 784 F.3d at 1139.

*/s/ Jennae Swiergula*
Jennae R. Swiergula
Texas Defender Service
1023 Springdale Road #14E
Austin, TX 78721
512-320-8300
jswiergula@texasdefender.org

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2286 (fax)
Jeremy_Schepers@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, I served a copy of the foregoing pleading on, Tomee Heining, counsel for the Respondent, via email at tomee.heining@oag.texas.gov.

*/s/ Jeremy Schepers*
Jeremy Schepers